**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KENNETH DIEBEL, | ) | |
| PEGGY DIEBEL, | ) | |
| Plaintiffs, | ) | No. 1:07-cv-00302 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO DISMISS**

Under Fed. R. Civ. P. 12(b)(1) and (6), the United States respectfully requests that the Court dismiss this action.  As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiffs' tax refund claims, venue in this Court is improper, and the Anti-Injunction Act bars the injunctive relief plaintiffs seek.

Specifically, plaintiffs failed to allege that they paid the federal taxes due and filed a claim for refund.  Both are required before the United States' sovereign immunity is waived.  26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960).  Since plaintiffs have not so alleged, this Court lacks subject-matter jurisdiction.  Moreover, plaintiffs are residents of Louisiana (Compl. ¶ Parties) and request the refund of  federal taxes.  (Compl. Remedy Sought ¶ 2).  Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the plaintiffs reside.  Inasmuch as plaintiffs are residents of Louisiana, venue in this Court is lacking.  In addition, plaintiffs seek to enjoin the Internal Revenue Service from engaging in any further

collection activity.  (Compl. Remedy Sought¶ 4).  Under 26 U.S.C. § 7421(a), no suit may

be maintained restraining the assessment and collection taxes.  Thus, this Court may not

grant injunctive relief.  Finally, plaintiffs have failed to state a claim for damages.

Plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any

relief.  Moreover, they have failed to demonstrate that they filed an administrative

claim for damages, which is required before the United States' sovereign immunity is

waived.  See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128

(D.D.C. 2004).

　　　　A supporting memorandum of law and proposed order are filed with this

motion.

DATED: May 29, 2007.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Beatriz T. Saiz
　　　　　　　　　　　　　　　　　BEATRIZ T. SAIZ
　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　P.O. Box 227
　　　　　　　　　　　　　　　　　Ben Franklin Station
　　　　　　　　　　　　　　　　　Washington, DC 20044
　　　　　　　　　　　　　　　　　Phone/Fax: (202) 307-6585/514-6866
　　　　　　　　　　　　　　　　　Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KENNETH DIEBEL, | ) | |
| PEGGY DIEBEL, | ) | |
| Plaintiffs, | ) | No. 1:07-cv-00302 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

The relief plaintiffs request in their complaint is a refund of federal taxes they allege were illegally or erroneously collected (Compl. Remedy Sought ¶ 2), an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. Remedy Sought ¶ 4), and unspecified damages for alleged violations of 26 U.S.C. § 7433 (Compl. Remedy Sought ¶ 1).  The Court lacks jurisdiction to refund taxes to plaintiffs, to award damages to plaintiffs, and to enjoin the Internal Revenue Service from engaging in further collection activity.  Accordingly, plaintiffs' complaint should be dismissed.

<u>This Court Lacks Subject-Matter Jurisdiction Over Refund Claim</u>

This Court does not have jurisdiction over plaintiffs' claim for a tax refund. Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes.  Both are necessary to waive the United States' sovereign immunity.  <u>See</u> <u>United States v. Dalm</u>, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before

filing a suit for a tax refund); 26 U.S.C. § 7422 (same); <u>Flora v. United States</u>, 362 U.S. 145,

177 (1960) (payment in full is required before filing a suit for a tax refund); <u>Vanskiver v.</u>

<u>Rossotti</u>, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiffs have the burden to show that

sovereign immunity has been waived.  <u>See</u>, <u>e.g.</u>, <u>Paradyne Corp. v. U.S. Dept. of Justice</u>,

647 F. Supp. 1228, 1231 (D.D.C. 1986) (citing <u>United States v. Sherwood</u>, 312 U.S. 584, 586

(1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any

court for the recovery of an internal revenue tax alleged to have been erroneously or

illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . .

."  26 U.S.C. § 7422(a).  Since plaintiffs have not even alleged that they filed a timely

claim for refund, this Court lacks jurisdiction.  <u>Dalm</u>, 494 U.S. at 601-02.

Likewise, plaintiffs have not alleged that they fully paid their tax liabilities.  On

the contrary, they seek an injunction to prevent the Internal Revenue Service from

collecting the taxes due.  (<u>See</u> Compl. Remedy Sought ¶ 4.)  This request, in itself,

implies that plaintiffs have not fully paid the taxes they seek to recover — an implication

fatal to a suit for refund.  <u>See</u> <u>Flora</u>, 362 U.S. at 177.

Because plaintiffs have not alleged that they filed a claim for refund and fully

paid the federal taxes, the United States' sovereign immunity has not been waived, and

this Court lacks subject-matter jurisdiction over their claim for a refund.

<div align="center">Venue is Improper</div>

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in

the judicial district in which the plaintiffs reside.  Inasmuch as plaintiffs are residents of

<div align="center">-2-</div>

Louisiana (Compl. ¶ Parties), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The interests of justice do not require transferring this case, and in fact weigh against it. Plaintiffs' complaint alleges no facts to warrant transfer. As explained above, plaintiffs' failure to allege that they filed a proper claim for refund or fully paid the taxes due deprives <u>any</u> federal court of subject-matter jurisdiction. <u>See</u> <u>Dalm</u>, 494 U.S. at 601-602; <u>Flora</u>, 362 U.S. at 177. Further, the complaint alleges inadequate facts to support a claim for damages under 26 U.S.C. § 7433, and no court has authority to grant plaintiffs the injunctive relief they seek. Thus, because venue is lacking in this Court, and the interests of justice do not favor transfer to Louisiana, the Court should dismiss this case. <u>See</u> Fed. R. Civ. P. 12(b)(3).

<div align="center"><u>Plaintiffs' Request for Injunction is Barred by the Anti-injunction Act</u></div>

Plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Compl. Remedy Sought ¶ 4). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiffs' claim. <u>See</u> 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842, 844-45 (D.C. Cir. 1987); <u>American</u>

<u>Federation of Gov't Employees, AFL-CIO v. United States</u>, 660 F. Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. <u>See</u> <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiffs allege that the Internal Revenue Service acted improperly, but do not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and their entitlement to relief. Primarily they merely express their dissatisfaction that the Internal Revenue Service is attempting to collect their unpaid taxes.[1]/

As for the second prong, plaintiffs have failed to demonstrate the existence of

---

[1]/ As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. <u>See</u> <u>Flora</u>, 362 U.S. at 177.

-4-

equitable jurisdiction.  Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies.  See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598.  In certain situations, plaintiffs can temporarily forestall collection — which is the ultimate relief they request— by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, they can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the Enoch test fails.

        In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should dismiss this case.

### This Court Lacks Subject-Matter Jurisdiction Over Damages Claim

        Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. Remedy Sought ¶ 1).  This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service.  As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the

Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver

of sovereign immunity with respect to suits for wrongful collection actions.  The Court

lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have

not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages

for the unauthorized collection of taxes, taxpayers must exhaust their administrative

remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under

[7433] subsection (b) *unless the court determines that the plaintiff has exhausted the*

*administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26

U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  See 26 C.F.R. § 301.7433-1(e).  The

regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following: (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any

damages not yet incurred but that are reasonably foreseeable; and (4) the signature of

the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation

deprives a court of jurisdiction. See Davenport v. United States, 450 F. Supp.2d 96, 97

n.1 (D.D.C. 2006); Holt v. Davidson, 441 F. Supp.2d 92, 95 (D.D.C. 2006); McGuirl v.

United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100,

103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).2/

Here, plaintiffs have not alleged that they filed a written claim with the area

_____

2/  The United States is aware that the court in Turner v. United States, 429 F.
Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For
the reasons stated above, the United States continues to assert that the exhaustion
requirement is jurisdictional. Specifically, the decision in Turner relied upon Arbaugh v.
Y & H Corp., 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion
of administrative remedies in the context of two private litigants in a Title VII suit.
Neither of the private litigants had any attributes of sovereign immunity. Thus, neither
litigant in Arbaugh could claim the benefit of the sovereign's long-recognized general
principle that "the United States, as sovereign, 'is immune from suit save as it consents
to be sued *** and the terms of its consent to be sued in any court *define that court's
jurisdiction* to entertain the suit.'"Lehman v. Nakshian, 453 U.S. 156, 160 (1981)
(emphasis added). Thus, when the United States has consented to suit, as it has in 26
U.S.C. § 7433, the terms of that consent define the court's jurisdiction.
    One of the terms of the consent under section 7433 is that the taxpayer must have
exhausted his administrative remedies. And as a term of consent to the waiver of
sovereign immunity, the requirement of administrative exhaustion is by definition a
part of the "court's jurisdiction to entertain the suit." Simply put, Arbaugh did not deal
with the special situation of sovereign immunity because neither party to the lawsuit
was a sovereign. Arbaugh did not overrule Nakshian, because the two cases deal with
entirely different statutory schemes of relief. Therefore, this Court should follow Glass,
McGuirl, and the several appellate decisions from other circuits that have properly
concluded that section 7433's exhaustion requirement is an element of the United States'
waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum,
the Turner decision, while it reached the correct result, failed to preserve the difference
between administrative schemes involving private parties, and those that involve suits
against the sovereign United States. Accordingly, the United States asks for dismissal
on jurisdictional grounds.

director which complies with the requirements of the regulations. Therefore, plaintiffs have not met their burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

<u>Plaintiffs Have Failed to State a Damages Claim</u>

Even if the Court deems their generic assertions that they have exhausted their administrative remedies, plaintiffs' complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. Remedy Sought ¶ 1). Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiffs' complaint to support a claim for damages, and thus, this Court should conclude that they have not in fact stated such a claim. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 194-65 (2007). For example, plaintiffs do not state what specific tax years are at issue, the type

-8-

of tax, or the amount in dispute nor do they describe the injuries they allegedly incurred.
In fact, no facts are alleged which establish that "any officer or employee of the [IRS]
recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433.
Because plaintiffs have failed to state a claim upon which relief can be granted, this
Court should dismiss this case.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiffs' claim for a tax
refund because plaintiffs have failed to prove that they filed a claim for refund and paid
the taxes due. Likewise, the Anti-Injunction Act prohibits an injunction against the
further collection of plaintiffs' taxes. Further, venue is not proper in this Court for a tax
refund because plaintiffs reside in Pennsylvania. Also, plaintiffs have failed to prove
that they filed an administrative claim for damages and have failed to state a claim for
damages. For all these reasons, the Court should dismiss this action.

DATED: May 29, 2007.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

</div>

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KENNETH DIEBEL, | ) |
| PEGGY DIEBEL, | ) |
|        Plaintiffs, | ) No. 1:07-cv-00302 (ESH) |
| | ) |
|    v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|        Defendant. | ) |

## <u>ORDER</u>

Having considered the DEFENDANT'S MOTION TO DISMISS, the supporting

memorandum of points and authorities, any opposition and reply thereto, and the

entire record of this proceeding, it is by the Court

     ORDERED that the motion is GRANTED;

     ORDERED that this action be, and is, DISMISSED;  and it is further

     ORDERED that the Clerk shall distribute copies of this order to the persons listed

below.

     SO ORDERED this _____day of _____2007.


                                          _____

                                          UNITED STATES DISTRICT JUDGE

COPIES TO:
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

KENNETH DIEBEL
PEGGY DIEBEL
414 Ineichen Street
Rayville, LA 71269

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KENNETH DIEBEL, | ) | |
| PEGGY DIEBEL, | ) | |
|      Plaintiffs, | ) | No. 1:07-cv-00302 (ESH) |
| | ) | |
|   v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
|      Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

IT IS CERTIFIED that the foregoing DEFENDANT'S MOTION TO DISMISS,

supporting MEMORANDUM,  and proposed ORDER were served upon the following

individual(s) on May 29, 2007, by sending a copy by First Class mail, postage prepaid,

addressed as follows:


       Kenneth Diebel
       Peggy Diebel
       414 Ineichen Street
       Rayville, LA 71269


       <u>/s/ Beatriz T. Saiz</u>
       BEATRIZ T. SAIZ