UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| KENNETH DIEBEL, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 07-00302 (ESH) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kenneth and Peggy Diebel have filed a *pro se* complaint raising thirty-nine boilerplate allegations that "principals, officers, agents, and/or employees of [the] Internal Revenue Service" ("IRS") have "disregard[ed]" the Internal Revenue Code. (*E.g.*, Compl. at 4–5.) Plaintiffs seek "damages in accordance with [26 U.S.C. §] 7433," "replevin of any and all property taken from [them] without complete due process of tax law," and injunctive relief. (*See* Compl. at 18–19.) The government has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth herein, the government's motion will be granted.

## BACKGROUND

The government filed its motion to dismiss on May 29, 2007. The motion presents three principal arguments:[1] (1) plaintiffs' claim for damages under § 7433 should be dismissed

---

[1] In addition, the government argues that venue is improper and that plaintiffs have not alleged facts sufficient to state a claim under § 7433. (*See* Mot. at 2–3 (venue); *id.* at 8–9 (failure to allege sufficient facts).) The Court need not reach these arguments since this case will be dismissed on other grounds.

because plaintiffs have failed to allege exhaustion of their administrative remedies (*see* Mot. at 5–8); (2) this Court lacks jurisdiction over plaintiffs' claim for replevin because plaintiffs have not alleged that they have filed an administrative refund claim as required under 26 U.S.C. § 7422 (*see id.* at 1–2); and (3) plaintiffs' request for injunctive relief is barred by the Anti-Injunction Act ("AIA") (*id.* at 3–4).

Having requested and received an extension of time in which to respond, plaintiffs filed an opposition to the government's motion on July 19, 2007. Nowhere in plaintiffs' opposition do they assert that they have exhausted their administrative remedies as required under § 7433. Instead, plaintiffs rely on the legal arguments that they are not required to allege exhaustion, that whether they exhausted the "'*administrative remedies* available' as described in IRC § 7433(d)" is a jury question, and that the statute permits mitigation of damages as an alternative to exhaustion. (*See* Opp. at 3–4, 5–6.) Plaintiffs offer no response to the government's argument that this Court lacks jurisdiction over their replevin claim. (*See id.* at 1–14.) Finally, plaintiffs characterize the government's argument that their request for injunctive relief is barred by the AIA as "frivolous," arguing that the allegations in their complaint meet "at least 3 of the AIA's 14 statutory exceptions." (*Id.* at 12; *see id.* at 12–13.)

## ANALYSIS

**I.     Plaintiffs' Claim for Damages under § 7433 Will Be Dismissed under Rule 12(b)(6)**

It is now well settled in this jurisdiction that, although the exhaustion requirement of § 7433 is not "jurisdictional," failure to allege exhaustion warrants dismissal of a § 7433 claim under Rule 12(b)(6). *See, e.g.*, *Ross v. United States*, 460 F. Supp. 2d 139, 145–47 (D.D.C. 2006) (explaining the nonjurisdictional nature of the exhaustion requirement, but nevertheless

dismissing the plaintiffs' claim pursuant to Rule 12(b)(6)).  Accordingly, because plaintiffs have failed to allege exhaustion, their claim for damages under § 7433 will be dismissed without prejudice for failure to state a claim.  *See id.* at 147.

## II.     Plaintiffs' Replevin Claim Will Be Dismissed under Rule 12(b)(1)

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . or of any sum alleged to have been . . . wrongfully collected, until a claim for refund or credit has been duly filed."  26 U.S.C. § 7422(a) (2006).  To determine whether a suit is barred under § 7422(a), "a court must determine whether the suit seeks recovery of a tax - - or of 'any sum . . . wrongfully collected' - - and a court will not defer to a plaintiff's characterization of his suit as not being based on section 7422."  *Ross*, 460 F. Supp. 2d at 152 (quoting *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998)).  Here, as in *Ross*, a review of plaintiffs' complaint "makes it abundantly clear that, under the label 'replevin,' plaintiffs seek the return of some unspecified property that the IRS seized from [them] while engaged in collection activity."  *Id.*  Thus, because plaintiffs do not allege that they filed a timely administrative refund claim, plaintiffs' claim for replevin will be dismissed with prejudice pursuant to Rule 12(b)(1).[2]  *See id.* at 152–53 (explaining that, unlike the exhaustion requirement of § 7433, the requirement to file an administrative refund claim is jurisdictional).

## III.    Plaintiffs' Claim for Injunctive Relief Will Be Dismissed under Rule 12(b)(1)

The AIA provides that "no suit for the purpose of restraining the assessment or collection

---

[2]In addition, as the government has correctly observed, plaintiffs do not allege to have paid their tax liabilities in full, which is a second prerequistie to filing suit for a tax refund.  *See Flora v. United States*, 362 U.S. 145, 177 (1960).

of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a) (2006). The AIA contains a number of statutory exceptions, including 26 U.S.C. §§ 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436. *Anderson v. United States*, No. 06-1544, 2007 WL 2059737, at *4 (D.D.C. July 18, 2007); *see* 26 U.S.C. § 7421(a). In their opposition, plaintiffs invoke three of these provisions: §§ 6212(a), 6213(a), and 6330(e).[3] (*See* Opp. at 13.) However, "[p]laintiffs do so only in a conclusory manner and do not allege any facts or provide any documentation to support their reliance on [the cited] provision[s]." *Anderson*, 2007 WL 2059737, at *4. "Accordingly, the Court concludes that none of the statutory exceptions to the AIA applies in this case." *Id.*; *see Martens v. United States*, No. 05-1805, 2007 WL 2007580, at *5 n.6 (D.D.C. July 6, 2007) (holding that none of the statutory exceptions applied despite conclusory citations to §§ 6212 and 6213(a)); *Lindsey v. United States*, 448 F. Supp. 2d 37, 58 n.13 (D.D.C. 2006) (concluding that none of the statutory exceptions applied when, although plaintiffs' complaint made reference to three of the relevant provisions, plaintiffs failed to offer "any factual basis whatsoever to support [their] conclusory statements"). Since the statutory exceptions to the AIA do not apply, and since plaintiffs do not contend that the judicial exceptions apply,[4] the Court will dismiss plaintiffs' claim for injunctive

---

[3] Contrary to plaintiffs' representation (*see* Opp. at 13), the complaint itself contains no reference to any of the three provisions invoked in the opposition.

[4] As the government correctly argues (*see* Mot. at 4–5), the exception to the AIA recognized by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962), does not apply in this case because (1) since plaintiffs can file an administrative refund claim, they have an adequate legal remedy; and (2) plaintiffs have failed to adduce facts demonstrating that the government cannot prevail. *See Anderson*, 2007 WL 2059737, at *4. Similarly, because plaintiffs can file an administrative refund claim, they have recourse to an

relief under Rule 12(b)(1).  *See Anderson*, 2007 WL 2059737, at *4.

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiffs have failed to state a claim upon which relief can be granted under § 7433 and that the Court lacks jurisdiction over the claims for replevin and injunctive relief.  Accordingly, the government's motion to dismiss [Dkt. 4] is **GRANTED**, and it is hereby **ORDERED** that this case is dismissed without prejudice as to the § 7433 claim and dismissed with prejudice as to the remaining claims.

        /s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:    July 25, 2007

---

alternative legal remedy and the exception recognized in *South Carolina v. Regan*, 465 U.S. 367 (1984), does not apply.  *See Anderson*, 2007 WL 2059737, at *4.